United States District Court
Southern District of Texas
**ENTERED**
December 03, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROY ALLEN TURNER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-379 |
| | § | |
| WILLIAM  STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is incarcerated at the McConnell Unit, in Beeville, Texas.  On September 2, 2015, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a disciplinary proceeding.  (D.E. 1). On October 28, 2015, Respondent filed a Motion for Summary Judgment.  (D.E. 8). Petitioner filed a response on November 6, 2015.  (D.E. 10).  For the reasons stated below, it is recommended that Respondent's Motion for Summary Judgment be **GRANTED** and Petitioner's claim for habeas corpus relief be **DISMISSED**.  It is further recommended that a Certificate of Appealability be **DENIED**.

## I.      JURISDICTION

Jurisdiction and venue are proper in this Court because Petitioner is incarcerated in Bee County, Texas, which is located within the Corpus Christi Division of the Southern

District of Texas.  28 U.S.C. § 124(b)(6); 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II.   BACKGROUND

Petitioner does not challenge the underlying conviction but instead challenges a TDCJ disciplinary case.[1]   In case number 20150041566, Petitioner was charged with attempting to establish an inappropriate relationship with a staff member, approved volunteer, or contract employee, a Level 2, Code 30.1.[2]   (D.E. 7-2, Page 3).   The punishment included (1) 45 days loss of commissary, recreation and telephone privileges; (2) loss of 30 days good-time credits and (3) remain in line class L3.  (D.E. 7-2, Pages 3-4).  Petitioner filed a Step 1 Grievance which was denied on November 6, 2014.  (D.E. 7-1, Page 3).  Petitioner did not file a Step 2 Grievance.[3]

On August 28, 2015, Petitioner filed the pending petition alleging due process violations, insufficient evidence, mitigating evidence, and the disciplinary charge was filed in retaliation for a civil action filed against prison employees.  (D.E. 1, Pages 6-7). Even accepting Petitioner's claims as true, he is not entitled to habeas corpus relief for reasons stated below.

---

[1]On June 29, 2007, Petitioner was convicted of aggravated assault with a deadly weapon in the 175th Judicial District Court of Bexar County, Texas and sentenced to fifty years imprisonment. (D.E. 1, Page 1 and D.E. 8-2, Page 2).
[2]TDCJ-CID, Disciplinary Rules and Procedures for Offenders can be accessed at <http://www.tdcj.state.tx.us/documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders_ English.pdf>.
[3]Petitioner alleges he did not receive a determination of his Step 1 Grievance and therefore was unable to file a Step 2 Grievance.  (D.E. 1, Page 6).  However, the record indicates, as previously stated, that as of November 6, 2014, Petitioner's Step 1 Grievance had "been reviewed and there were no procedural errors present" and "[n]o reasons exist to warrant overturning this case." (D.E. 7-1, Page 4).

### III.   ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 ("AEDPA") 28 U.S.C. §2254

Federal habeas corpus petitions are governed by the AEDPA. Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993).  Thus, in order to state a claim for federal habeas corpus relief Petitioner must establish a constitutional violation.

A prisoner does not have a constitutional right to a release before the expiration of a valid sentence.  *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  Furthermore, the U.S. Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison.  *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  However, state laws may create a constitutional expectancy of early release. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000).  In Texas, it is well established that only inmates who are eligible for mandatory supervision have a liberty interest in good-time credits and a constitutional expectancy of early release.   *Id*.   To establish a constitutional violation Petitioner must show that he has a constitutional expectancy of early release.

### IV.   SUMMARY JUDGMENT

In deciding a motion for summary judgment, the district court must determine there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  Petitioner seeks federal habeas corpus relief for a prison disciplinary conviction that resulted in the loss of good-time credits and

other miscellaneous sanctions.  Generally, Rule 56 applies to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000).

Once the movant presents a properly supported motion for summary judgment the burden shifts to the non-movant to present significant evidence of the existence of a genuine issue of material fact.  *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)(citation omitted).  Considering these standards, the undersigned has reviewed the merits of the Petitioner's claims and Respondent's Motion for Summary Judgment.

## V.    DISCUSSION

### A.  Exhaustion and Procedural Default

A state prisoner must generally exhaust all available state remedies before proceeding in federal court.  28 U.S.C. § 2254(b) and (c).  Texas state prisoners are not required to file a state habeas petition challenging their disciplinary proceedings before filing suit in federal court, however, they must first exhaust prison grievance procedures. *Gartrell v. Gaylor*, 981 F.2d 254, 258 (5th Cir. 1993).  TDCJ uses a two-step grievance process and a prisoner must present his claims in both steps to exhaust his administrative remedies.  *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  Any claim that is not exhausted is procedurally barred from federal habeas review.

In this case, although Petitioner filed a Step 1 Grievance, he failed to file a Step 2 Grievance.  He has therefore failed to exhaust his administrative remedies and his case is procedurally barred.  Although the petition may be dismissed solely for a failure to exhaust administrative remedies, a federal court may also address § 2254 claims and deny those claims on the merits.  *See* 28 U.S.C. § 2254(b)(2).  As such, the undersigned has

considered the merits of Petitioner's claims below and recommends he is not entitled to habeas corpus relief.

### B.  Loss of Good-Time Credits

Prisoners are not wholly stripped of all constitutional protections when imprisoned.  *Wolff*, 418 U.S. at 555.  A prisoner's constitutional rights are set forth in the Due Process Clause of the Fourteenth Amendment.  However, in disciplinary hearings, prisoners are only entitled to due process guarantees when the hearing may result in sanctions that infringe on constitutionally protected interests.  *Sandin v. Conner*, 515 U.S. 472, 483-4 (1995).  These interests are generally limited to sanctions that affect the quantity of time served by a prisoner.  *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).  Therefore, to state a claim for federal habeas corpus relief, Petitioner must show he was denied due process in a disciplinary action which resulted in sanctions affecting the duration of his sentence.

In Texas, mandatory supervision may create a "constitutional expectancy" of early release.  *Malchi*, 211 F.3d at 957.  However, Petitioner was convicted of aggravated assault with a deadly weapon and is ineligible for mandatory supervision. *See* TEX. GOV'T CODE § 508.149(a)(1) and (7)(stating an inmate may not be released to mandatory supervision if the inmate is serving a sentence for aggravated assault under Section 22.02, Penal Code (Aggravated Assault)).  Therefore, as Petitioner is not eligible for mandatory supervision, he has no constitutional expectancy of early release.

For prisoners not eligible for mandatory supervision, good-time credits only apply toward eligibility for parole.  TEX. GOV'T CODE ANN. § 498.003.  It is well established

that eligibility for parole is not a constitutionally protected interest.  *See Madison*, 104 F.3d at 768.  Because release on parole is entirely speculative, there is no constitutional expectancy of parole in Texas.  *Id.*

A disciplinary action resulting in loss of good-time credits only affects eligibility for parole and, therefore, does not affect a constitutionally protected interest. Furthermore, the Fifth Circuit has ruled that if an inmate is not eligible for mandatory supervision, he "does not have a constitutional claim for which relief can be granted." *Arnold v. Cockrell*, 306 F.3d 277, 278 (5th Cir. 2002).  Loss of good-time credits does not support a constitutional claim in this instance, and therefore, Petitioner is not entitled to federal habeas corpus relief.

### C. Other Sanctions

The disciplinary hearing also resulted in privilege restrictions and for Petitioner to remain in line class L3.  (D.E. 7-2, Page 3).  These sanctions are changes in the conditions of confinement.  The Due Process Clause does not protect every adverse change in the conditions of confinement.  *Sandin*, 515 U.S. at 478.  Mere changes in the conditions of confinement that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life do not implicate due process concerns.  *Madison,* 104 F.3d at 768.  Commissary and recreation limitations and adjustments to a prisoner's classification are not protected by the Due Process Clause.  *See Malchi*, 211 F.3d at 958-59.

While Petitioner asserts his line class status affects his ability to appear before the parole board, the restrictions on Petitioner are mere changes in conditions of confinement

and do not pose significant hardships beyond the ordinary incidents of prison life. *See Madison*, 104 F.3d at 768. As stated previously, because release on parole is entirely speculative, there is no constitutional expectancy of parole in Texas. *Id.* Therefore, sanctions imposed on Petitioner do not implicate due process concerns and do not require federal habeas corpus relief.

## VI.   CERTIFICATE OF APPEALABILITY

An appeal from the final order in a habeas corpus proceeding may not be taken to the Court of Appeals, "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability ("COA") will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The district court is in the best position to determine if the petitioner has made a substantial showing, therefore, it is recommended that the district court rule on Petitioner's relief *sua sponte*. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

Respondent's Motion for Summary Judgment requests that Petitioner's claim be denied on the merits. The COA determination under Section 2253(c) requires an overview of the habeas petition and a general assessment the merits. *Miller-El*, 537 U.S. at 336. As to claims rejected solely on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Petitioner must show that issues are debatable among reasonable jurists, and courts could resolve the issues differently. *Alexander*, 211 F.3d at 896.

In this case, reasonable jurists would not debate the dismissal of the federal writ of habeas corpus under Section 2254, nor find that the issues are adequate to deserve encouragement to proceed.   *Miller-El*, 537 U.S. at 327.   Accordingly, it is respectfully recommended that the Court not issue a COA.

## VII.   RECOMMENDATION

For the reasons stated below, it is recommended that Respondent's Motion for Summary Judgment be **GRANTED** (D.E. 8) and Petitioner's claim for habeas corpus relief be **DISMISSED**.   It is further recommended that a Certificate of Appealability be **DENIED**.

ORDERED this 3rd day of December, 2015.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).